UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
DEC 1 0 2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER DAVID SCHROEDER, )<br>)<br>Defendant. ) | 4:15CR555 HEA/NCC |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term:

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(a));

    (b) "sexually explicit conduct" to mean actual or simulated

      (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex,

      (ii) bestiality,

      (iii) masturbation,

      (iv) sadistic or masochistic abuse, or

      (v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A)); and

 (c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§2256(6)).

 (d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

  (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

  (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about November 8, 2015, and on or about December 1, 2015, in the Eastern District of Missouri, and elsewhere,

**CHRISTOPHER DAVID SCHROEDER,**

the defendant herein, did knowingly employ, use, persuade, induce, entice, and coerce a minor, A.B., to engage in sexually explicit conduct, specifically, CHRISTOPHER DAVID SCHROEDER video recorded A.B. as he engaged in sexual intercourse with A.B., and said

sexually explicit conduct was for the purpose of producing a visual depiction of such conduct and such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce,

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT II

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about November 8, 2015, and December 1, 2015, within the Eastern District of Missouri and elsewhere,

**CHRISTOPHER DAVID SCHROEDER,**

the defendant herein, did knowingly transport an individual under the age of eighteen in interstate and foreign commerce, with the intent that the individual engage in any sexual activity for which a person can be charged with a criminal offense; to wit: defendant, who was at least twenty-one years of age, transported A.B. from the State of Ohio to the Eastern District of Missouri and engaged in vaginal intercourse with A.B. in the Eastern District of Missouri, knowing A.B. was under the age of seventeen years, in violation of Missouri Revised Statute, 566.034.1 and

In violation of Title 18, United States Code, Sections 2423(a) and 2 and punishable under Title 18, United States Code, Section 2423(a).

## FORFEITURE ALLEGATION

The United States Attorney further charges that:

1. Pursuant to Title 18, United States Code, Section 2253(a), upon conviction of an offense in violation of Title 18, United States Code, Section 2251(a) as set forth in Count I, the defendant shall forfeit to the United States of America any visual depiction described in that section, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110; any property, real of personal, constituting or traceable to gross profits or other proceeds obtains from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Pursuant to Title 18, United States Code, Section 2428, upon conviction of an offense in violation of Title 18, United States Code, Section 2423 as set forth in Count II, the defendant shall forfeit to the United States of America, his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation(s) and any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation(s).

3. The following shall be subject to forfeiture to the United States and no property right shall exist in them:

    a. Any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of Chapter 117;

    b. Any property, real or personal, that constitutes or is derived from proceeds traceable to any violation of Chapter 117.

4. Subject to forfeiture is a sum of money equal to the value of the property

constituting, or derived from proceeds the defendant obtained directly or indirectly as a result of such violation(s).

    5.    Specific property subject to forfeiture includes, but is not limited to, the following:

        a.    one 2014 Ford Focus, VIN: 1FADP3E28EL460804.

        b.    real property known as 1524 S. Lake Sherwood Drive, Marthasville, MO 63357, Parcel #12-14.0-1-01-008.000.000.

    6.    If any of the property described above, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                             A TRUE BILL.

                                                              FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
COLLEEN LANG, #56872MO
Assistant United States Attorney