UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CR-0555 HEA |
| | ) | |
| CHRISTOPHER SCHROEDER, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT

Comes now the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Colleen Lang,

Assistant United States Attorney for said district, and files objections to the Presentence Report.

The government objects to the base offense level in paragraph twenty-six (26) of the

Presentence Report ("PSR").  The PSR states that the base offense level is thirty-two (32) as

found in United States Sentencing Guideline ("USSG") Section 2G2.1.  The government

believes the appropriate base offense level is twenty-eight (28) as found in USSG Section

2G1.3(a)(3).  The PSR applied the cross reference to Section 2G2.1, which has a higher base

offense level than Section 2G1.3.  The PSR states that the cross reference applied because the

offense involved causing, transporting, permitting, or offering a visual depiction of such conduct.

However, the government disagrees and does not believe that the cross reference applies in this

case.

The cross reference in question is found under USSG Section 2G1.3(c)(1).  It states, "[i]f

the offense involved causing, transporting, permitting, or offering or seeking by notice or

1

advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply Section 2G2.1." Section 2G2.1 is for the crime of Sexually Exploiting a Minor by Production of Sexually Explicit Conduct.

In this case, after meeting the minor victim online, the defendant drove to Ohio and picked up the victim on November 8, 2015. He then immediately transported her across state lines to Missouri. Once back at his home in the Eastern District of Missouri he engaged in sexual intercourse with the minor victim. While, the defendant did record two sex acts with the minor victim. The first recording of these two acts happened on approximately November 28, 2015. Thus, the visual depiction was produced about ten (10) days after the victim had been transported to Missouri by the defendant. The cameras used to record the sex acts had been in place in the defendant's bedroom for some-time before the victim arrived, but had been covered. The cameras did not record anything in the bedroom until November 28, 2015. Almost the entirety of the inside and outside of the defendant's home was constantly being recorded by motion-activated cameras.

The government cannot prove that the defendant intended to produce child pornography when he transported the minor victim to Missouri based on the circumstances of the case. Based on case law, for the cross-reference to apply, one "purpose" of transporting the minor over state lines must have been to produce a visual depiction of sexually explicit conduct. In *United State vs. Crandon*, the government argued that the defendant's intent was irrelevant and that only the defendant's conduct should be considered by the Court when deciding whether to apply the same cross reference as in question here. 173 F.3d 122 (3rd Cir. 1999). The Court of Appeals for the Third Circuit disagreed,

We believe the District Court erred in determining that Crandon acted "for the *purpose* of

producing a visual depiction of [sexually explicit] conduct" without permitting any actual examination or consideration of his purpose. U.S.S.G. § 2G2.2(c)(1) (emphasis added). It is simply not enough to say "the photo speaks for itself *and* for the defendant, and that is the end of the matter," as the government's position would dictate, when the statute makes specific reference to the defendant's purpose in taking the photograph. Recalling the presumption against strict liability in criminal law, *see Morissette v. United States,* 342 U.S. 246, 250-63, 72 S.Ct. 240, 96 L.Ed. 288 (1952), it is critically important to be certain that the defendant's purpose was, in fact, to create pornographic pictures. *Id* at 129.

The Court of Appeals in *Crandon* remanded the case for resentencing, emphasizing that, "[t]o determine whether a cross-reference applies, the court must consider all relevant conduct. *See* U.S.S.G. § 1B1.3(a); *see also United States v. Salemo,* 61 F.3d 214, 220 (3d Cir.1995). In determining whether to apply the cross-reference of § 2G2.2(c)(1), courts must consider the defendant's state of mind to ensure that the defendant acted "for the purpose of producing a visual depiction of [sexually explicit] conduct." *Id* at 129.  In this case, the government cannot prove whether the defendant purposefully went to Ohio seeking to produce child pornography of the victim *or* if he made that decision in Missouri after he returned with her.  Due to the government's inability to show the defendant intended to use the minor in producing a visual depiction of sexual explicit conduct when he transported her across state lines, the government does not believe the cross reference to 2G2.1 should apply.

## CONCLUSION

The base offense level of twenty-eight (28) found in 2G1.3 should be applied to the

sentencing guideline calculation.  The government's only objection is in paragraph twenty-six

(26) of the PSR where the base offense level found in 2G2.1 is applied.  The government accepts

the reminder of the PSR.

Respectfully submitted,


RICHARD G. CALLAHAN
United States Attorney


*s/Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-2200


## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, the foregoing was filed electronically with
the Clerk of the Court to be served by operation of the Court's electronic filing system upon all
counsel of record.


*s/Colleen C. Lang*
Colleen C. Lang, #56872MO
Assistant United States Attorney